IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | Criminal No.: RWT-12-0086 |
| | * | |
| WAYNE GLYMPH | * | |

\* \* \* \* \* \* \*

**MOTION TO SUPPRESS EVIDENCE OBTAINED
BY ELECTRONIC SURVEILLANCE AND INTERCEPTION BY WIRE**

Wayne Glymph, Defendant, by Alan R. L. Bussard, his attorney, in accordance with Fed. R. Crim. P. 12(b)(3), 18 U.S.C. §3504 and 18 U.S.C. §2518(10)(a), moves to suppress the admission of all evidence obtained by the interception of wire, electronic surveillance and oral communications.

**STANDING**

18 U.S.C. §2518(10)(a) permits any "aggrieved person" to move to suppress evidence derived from electronic surveillance. 18 U.S.C. §2510(11) defines "aggrieved person" as "a person who was a party to any interested wire, oral or electronic communication or a person against whom the interception was directed." Discovery material provided by the Government reveals that the Defendant, Wayne Glymph's wire communications were intercepted pursuant to court authorized electronic surveillance. For that reason, Defendant, Wayne Glymph, is an "aggrieved" person within the meaning of 18 U.S.C. §2510(11), and may therefore move to suppress the contents of such wire communication intercepts.

For the reasons set forth in this memorandum, the wire communications of Defendant,

Wayne Glymph, were unlawfully intercepted, not made in conformity with the Order Authorizing the Interception of Wire Communications, and the orders under which they were made were intercepted were insufficient.

## FACTUAL BACKGROUND

On or about November 18, 2011, law enforcement applied for and obtained Orders for Title III intercepts of several telephone numbers with regard to the investigation of the Co-Defendant, Samuel Braxton and others herein. Those numbers include, line 202-652-8515, associated with co-defendant, Samuel Braxton. Additional Orders were obtained, thereafter, on line(s) linked to Mr. Braxton and others.

Access to the aforementioned telephone numbers was sought based upon the allegations that the "target subject" was Samuel Braxton and others, and that potential or likely interceptees, included certain of the other Co-Defendants herein. Defendant, Wayne Glymph was not a named target of the investigation in the initial applications and/or affidavits, but only came to light as a result of the wire intercepts. Defendant maintains that the intercepts, monitoring or searches were illegal and the products thereof must be suppressed from the evidence in this matter.

In furtherance of their investigation, starting in 2011, law enforcement applied for and received authorization to intercept wire and electronic communications of telephone numbers associated with the above named individual and others. During and in the course of said wiretap, law enforcement intercepted calls between Samuel Braxton and others, including calls involving Defendant, Wayne Glymph. Thereafter, law enforcement sought and received additional authorizations to intercept wire and electronic communications of telephone numbers alleged to be associated with Samuel Braxton, and others. The intercepts continued until approximately late February, 2012.

It was claimed in the application that probable cause exists that the above named individuals and others as yet unknown have committed, several enumerated drug trafficking offenses.

## ARGUMENT

I. The initial application, affidavit, and orders authorizing interception of the wire communications violated 18 U.S.C. section 516 and 2518(3)(a) and (b).

In order to obtain an eavesdropping warrant, 18 U.S.C. section 2518(3) requires that the Government establish that:

> (a) there is probable cause for belief that an individual is committing, has committed, or is about to commit a particular offense enumerated in Section 2516 of this chapter; (b) there is probable cause for belief that particular communications concerning that offense will be obtained through such interception,(c) Normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous, (d) except as provided in subsection (11) there is probable cause for belief that the facilities from which, or the place where, the wire or oral communications are to be intercepted are being used, or are about to be used, in connection with the commission of such offense, or are leased to, listed in the name of or commonly used by such person.

Thus, each application for an order authorizing electronic surveillance must provide the issuing Court with a "substantial basis'" Illinois v. Gates, 462 U.S. 213, 239 (1983), to believe that each of the targets will be committing the named offenses and that the subject facilities will be used by each individual for the communications concerning each offense. Compliance with all prongs of this tripartite showing is essential in order to satisfy the particularity requirements of both 18 U.S.C. section 2518, et seq. and the Fourth Amendment since "(p)articularity in an eavesdropping or wiretap application and order is critical to the constitutionality of a surveillance". United States v. Tortorello, 480 F.2d 764, 779 (2d Cir. 1973). See also Berger v. New York, 388 U.S. 41 (1967). If insufficient facts are offered to establish any of the three (3)

types of probable cause, an order may not issue. United States v. Bleau, 363 F.Supp. 438, 4410442 (D.Md. 1973), aff'd sub nom., United States v. Bernstein, 509 F.2d 996 (4th Cir. 1975).

Applications for warrants should be read in a "common sense and realistic fashion". United States v. Errera, 616 F.Supp. 1145 (D.Md. 1985). The standard for evaluating the tripartite probable cause showing in an electronic surveillance application is the same as that for evaluating probable cause in an application for a conventional search warrant. United States v. Fury, 554 F.2d 522, 530 (2d Cir. 1977), cert denied, 436 U.S. 931 (1978). Thus,

> (P)robable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense is being committed, or is about to be committed.

United States v. Harvey, 560 F.Supp. 1040, 1050-1051 (S.D. Fla. 1982) aff'd sub nom., United States v. Van Horn, 789 F.2d 1492 (11th Cir.)

II.   18 U.S.C. 2518 (1)(c).

Title 18, U.S.C. Section 2518 (1)(c) provides that each application for a wiretap authorization must include:

> a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.

This standard is reflected in 18 U.S.C. section 2518(3)(c) which states that in issuing an order, the judge shall determine whether:

> normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or too dangerous.

These "necessity" requirements are designed to ensured that "wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime." United

States v. Kahn, 415 U.S. 143, 153 n.12 (1974). In that the necessity requirements are of such importance in the legislation on electronic surveillance, courts examine closely challenges for noncompliance and reject applications that misstate or overstate the difficulties involved. United States v. Lyons, supra, 507 F.Supp. at 555.

 III. Minimization.

Title III of the Omnibus Crime Control and Safe Street Act of 1968, Pub.L 90-351, 82 Stat. 197 (June 19, 1968) and the Electronic Communications Privacy Act of 1986, Pub.L 99-508, 100 Stat. 1848 (Oct. 21, 1986) (ECPA) mandate the Fourth Amendment's requirements of particularity and minimization. This requirement is especially important when surveillance is conducted in a public facility.

18 U.S.C. 2518(5) requires each initial and extension order authorizing interception of communications to include a directive that the Order shall be executed "in such a way as to minimize the interception of communications not otherwise subject to interception" under Title

A review of the applications, affidavits in support of the applications, and Orders relating to monitoring, no specific or detailed plan for minimization was stated or ordered. The government, instead, attaches a memorandum purported to be what the law enforcement personnel have been instructed as to minimization.

In U.S. v. Scott, 516 F.2d 751, 753 (D.D.C. 1975) and U.S. v. James, 494 F.2d 1007, 1019-21 (D.D.C. 1974), the Court of Appeals stated four factors to determine the extent of minimization required in any given case:

 1. the scope of the criminal enterprise under investigation;

 2. the location and operation of the subject telephone;

 3. the government expectation of the content of the calls; and

    4.    the judicial supervision by the authorizing judge.

The minimization requirement of 18 U.S.C. section 2518(5) has been termed a "core provision" of Title III of the Omnibus Crime Control and Safe Streets Act of 1968. Scott v. United States, 425 U.S. 917 (1976). The minimization provision, which requires that electronic surveillance be "conducted in such a way as to minimize the interception under this Chapter, 18 U.S.C. 2518(5) "constitutes the congressionally designed bulwark against conduct of authorized electronic surveillance in a manner that violates the constitutional guidelines announced in Berger v. New York, 388 U.S. 41 (1967) and Katz v. United States, 389 U.S. 347 (1967)." Scott, at 917, quoting from - Byrum v. United States, denying cert., in 423 U.S. 953 (1975) (Brennan, J., dissenting)

Despite the importance of the constitutional rights protected by the minimization requirement, it is clear that even proper minimization procedures rarely result in the interception of only pertinent conversations. To "minimize" is to reduce to the lowest level possible and "possible" in this context has been defined as meaning "feasible" or "reasonable". United States v. Focarile, 340 F. Supp. 1033, 1046-47 (D.Md.), aff'd sub nom. United States v. Guordano, 469 F.2d 522 (4th Cir. 1972), aff'd. 416 U.S. 505 (1974). Under certain circumstances, interception of one hundred percent of the conversations with a given period of time have been held reasonable. see United States v. Leta, 332 F. Supp. 1357, 1360 (M.D. Penn. 1971, rev'd on other grounds sub nom., United States v. Ceraso, 467 F.2d 647 (3rd Cir. 1972).

The minimization requirement of 18 U.S.C. section 2518(5) (1970) has been held to be satisfied if the reviewing court finds that in light of all the facts and circumstances of the case, "the agents have shown a high regard for the right of privacy and have done all they reasonably could to avoid unnecessary intrusion." United States v. Tortello, 480 F.2d 764, 784 (2nd Cir.

1873), cert denied, 414 U.S. 866 (1973). The determination of the reasonableness of the agents' behavior required a case by case analysis of the minimization procedures adopted. see S. Rep. No. 1097, 90th Cong., 2nd Sess. 101, U.S. Code Cong. & Admin. News 1968, 2190 (1968). Thus, interception of any given number of the conversations may or may not be an unreasonable intrusion, depending on the particular circumstances of the case. see Leta, Supra, 332 F.Supp. at 1360, n.4.

It has been noted that a case by case determination is not the same as an item by item analysis, An investigation of the reasonableness of a pattern of behavior seems to demand an examination of all the circumstances. Thus, an inquiry into possible non-compliance with the minimization requirement is one that calls for an examination of the totality of the monitoring agents' conduct during the duration of the authorized interception. Fragmenting the minimization inquiry would force the Court to adopt an unrealistically narrow view of the issue, thus making any assessment of the overall reasonableness of the agents' conduct a highly artificial exercise, United States v. Scott, 504 F.2d 194, 197 (D.D.C. 1974)

All Title III investigations are subject to the minimization provision. Although some cases speak of certain situations as not allowing for minimization, see, Scott, Supra, 516 F.2d at 758, the statute required minimization of all unauthorized interceptions. 18 U.S.C. Section 2518(5) (1970).

Search Warrants

While the affidavit maintains that the execution of search warrants would not be successful against this specific alleged criminal enterprise, this type of allegation could almost always be made in every narcotics conspiracy action. In fact, the use of numerous search and seizure warrants was an integral part of the investigation by the many law enforcement agencies

involved in this investigation. Further, at no time prior to the application, had the government specifically sought to have a search warrant executed at the homes and/or business properties of Wayne Glymph. Therefore, it is mere speculation by the government as to the possible effectiveness of any search warrant.

Therefore, none of the factors establishing inability to proceed without a wire interception are present in this matter.

Finally, the Government's affidavit establishes that there were clearly adequate investigatory methods which were being used and could have continued which would not have required an interception of the wire communication. As a result, the statute was violated in Section 2518 (1)(c) requiring the suppression of evidence. <u>Dalia v. United States</u>, 441 U.S. 238, 250 (1979)

The defendant seeks a hearing to determine a factual basis with reference to issues of requisite necessity as well as sufficient minimization efforts made by the government prior to and during the execution of the wire interception Order. In addition, the defendant seeks a hearing to determine whether the goals of the application and Order were achieved prior to termination of the wire interception.

The defendant, Wayne Glymph, seeks a suppression of all wire communication which were obtained as a result of the applications made by the government.

                                                                     Respectfully submitted,

                                                                      /s/

                                          _____
                                          Alan R. L. Bussard
                                          405 Allegheny Avenue
                                          Towson, Maryland 21204
                                          (410) 821-5589

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the local rules of the United States District Court for the District of Maryland, a hearing is requested on the Defendant's Motion.

/s/

_____
Alan R. L. Bussard

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August, 2012, a copy of the foregoing Motion to Suppress Evidence Obtained by Electronic Surveillance and Interception by Wire electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Steven Swaney, Esquire
Office of the U.S. Attorney
6500 Cherrywood Lane
Greenbelt, Maryland 21770

/s/

_____
Alan R. L. Bussard